**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

REE-CO URANIUM L.P. and OLIVER
REESE,

    Plaintiffs,

v.                                                                                                      No. 9-CV-881 WJ/ACT

STATE OF NEW MEXICO MINING
COMMISSION, STATE OF NEW MEXICO
ENERGY MINERALS AND NATURAL
RESOURCES DEPARTMENT, BILL
BRANCARD, HOLLAND SHEPHERD and
JAMES HOLLEN,

    Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER comes before the Court on Defendants' Motion for Judgment on the Pleadings (Doc. 17). Specifically, Defendants argue that the State of New Mexico Mining Commission and the State of New Mexico Energy, Minerals and Natural Resources Department must be dismissed as defendants on sovereign immunity grounds. In addition, Defendants argue that the Court should dismiss Count II of Plaintiffs' Complaint because it fails to state a claim. Because the Court finds that Defendants' Motion is well-taken on both points, the Court GRANTS Defendants' Motion for Judgment on the Pleadings.

**BACKGROUND**

Plaintiffs seek declaratory and injunctive relief as well as damages for civil rights

violations[1] arising from Defendants' decision to require Plaintiffs to obtain a permit before drilling 1200-foot exploratory mining holes.  Plaintiffs appealed that decision at the administrative level, and the appeal is still pending before the New Mexico Mining Commission.  Meanwhile, they filed this suit in federal court.  The crux of Plaintiffs' complaint—both here and in the pending administrative appeal—is their claim that New Mexico's permitting requirement is preempted by federal mining law.  In Count II of their complaint, titled "Violation of Civil Rights," Plaintiffs allege that Defendants have violated Plaintiffs' procedural and substantive due process rights, denied Plaintiffs' equal protection of the law, and taken Plaintiffs' property without due process of law.

A brief overview of the background to this litigation may be helpful in understanding Plaintiffs' claims.  Plaintiff Ree-Co Uranium L.P. ("Ree-Co") staked 190 mining claims for federal reserved materials on private and federal lands in McKinley County, New Mexico.  In March 2008, Ree-Co filed a Notice of Location for each of its 190 claims with the Bureau of Land Management ("BLM").  *See Cole et al. v. Ralph*, 252 U.S. 286 (1920) ("Location is the act or series of acts whereby the boundaries of the claim are marked.").  Ree-Co then began exploratory drilling on its noticed mining claims in order to perfect its right to the minerals under federal law.  Federal mining law requires that a claimant actually discover a valuable mineral deposit before he can claim title to the deposit.  *See Union Oil Company California v. Smith*, 249 U.S. 337 (1919) ("It is clear that in order to create valid rights . . . as against the United States a discovery of mineral is essential.").

In August 2008, New Mexico's Energy, Minerals and Natural Resources Department

---

[1] As discussed in more detail below, Plaintiffs protest that their Complaint does not request money damages.  Response, at 5.

("Department") issued Ree-Co a Notice of Unpermitted Exploration Drilling Activity stating that Ree-Co was required to obtain a permit from New Mexico before conducting mining exploration activities in the state. In February 2009, as a follow-up, the Department issued Ree-Co a Notice of Violation for their unlawful drilling. The Notice of Violation advised Ree-Co that New Mexico no longer requires "discovery work"—such as sinking a shaft, digging a tunnel or drilling a hole—in order to locate a mining claim. It further advised Ree-Co that "exploration drilling in New Mexico requires an approved permit from MMD pursuant to Section 19.10.4.401A of the New Mexico Mining Act Rules."

After receiving the Notice, Ree-Co took advantage of both its administrative options for review. First, it requested and received an informal conference with the Director. Second, it filed a written petition to the New Mexico Mining Commission ("Commission") for review. As part of that review, Ree-Co received a hearing before the entire Commission. Hearings before the Commission are governed by the Rules of Civil Procedure for the New Mexico District Courts and may include subpoenas, production of documents and personal testimony. Ree-Co's appeal before the Commission is still pending.[2]

In May 2009, Ree-Co submitted to the Department an application for a General Permit to conduct discovery activities on the located mining claims. As part of the permitting process, Ree-Co had to submit a Notice of Intent to conduct drilling activities to the BLM, which it duly submitted. In July 2009, BLM informed Ree-Co that its Notice of Intent was complete. In August 2009, the Department issued a General Permit to Ree-Co. The General Permit allowed

---

[2] According to the website for the New Mexico Mining Commission, the Commission plans to announce their decision in this matter on Monday, March 15, 2010. New Mexico Mining Commission, Meetings and Hearings, *at* http://www.emnrd.state.nm.us/Mmd/NMMC/NMMCMeetingsHearings.htm (last visited Mar. 11, 2010).

Ree-Co to conduct shallow drilling activity (i.e. holes no greater than 2-inches in diameter and no deeper than 50 feet). It declined to authorize the twenty 1200-foot-deep holes that Ree-Co proposed to drill. Such deep drilling, the Permit stated, "will require either a minimal impact exploration permit or a regular exploration permit, pursuant to 19.10.3.302 NMAC and 19.10.4.402 NMAC, respectively."

Rather than applying for an exploration permit, Ree-Co filed this suit, arguing that New Mexico's permitting regulations are preempted by federal mining law. Essentially, Plaintiffs argue that New Mexico's regulations hinder Plaintiffs' ability to develop its mining claims under federal law. Defendants filed this Motion for Judgment on the Pleadings, arguing that the two state Defendants are immune from suit under the Eleventh Amendment and that Count II, which alleges civil rights violations, must be dismissed for failure to state a claim.

## DISCUSSION

### I.   Sovereign Immunity of State Agency Defendants

First, Defendants ask this Court to dismiss the State of New Mexico Mining Commission and the State of New Mexico Energy Minerals and Natural Resources Department as Defendants in this case because, as arms of the state, they are immune from suit under the Eleventh Amendment. The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. State sovereign immunity applies to any action—whether for declaratory relief, injunctive relief or money damages. *See Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007). It has also been construed to extend to suits brought in federal court against a state by its own citizens. *See id*.

Here, Plaintiffs assert claims for all three types of relief—declaratory, injunctive and money damages[3]—against two state agency defendants. Such claims are clearly barred under the Eleventh Amendment. In defense, Plaintiffs cite to *Ex Parte Young* and its holding that state officials may be sued in their individual capacities for prosepective, injunctive relief. Response, at 4; 209 U.S. 123 (1908). As Defendants point out, such a defense is nonresponsive. Defendants are not asking the Court to dismiss the individually named Defendants, but only the two state agencies. The state agencies, as arms of the state, are not included within *Ex Parte Young*'s purview. 209 U.S. at 159-60.

Plaintiffs also attempt to defend the presence of the two state agencies by claiming that New Mexico has waived its sovereign immunity. While states may waive their sovereign immunity, they must act clearly and unequivocally in order to do so. *See College Savings Bank v. Florida Prepaid Postsecondary Education Expense Bd.*, 527 U.S. 666, 675 (1999) (holding that the state must make a clear declaration of its intent to waive its sovereign immunity); *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 99 (1984) (holding that a state's waiver of its sovereign immunity must be unequivocally expressed). Plaintiffs have given this Court no reason to believe that New Mexico has waived its sovereign immunity.

First, they cite to the case of *State of New Mexico, ex rel. Hanosh et al. v. N.M. Environmental Improvement Board*, 217 P.3d 100 (N.M. 2009), in which the New Mexico Supreme Court determined that common-law sovereign immunity did not shield a state agency

---

[3] Plaintiffs assert that they have never requested money damages. While Count I of the Complaint specifically requests declaratory relief and Count III of the complaint specifically requests injunctive relief, Count II of the complaint does not request any relief. Understandably, Defendants assumed that Plaintiffs were requesting money damages for the various alleged civil rights violations. In any case, for the sake of thoroughness, the Court assumes that the Complaint includes an implicit request for money damages.

from being haled into state court as a defendant. *Id.* at 103 (noting that New Mexico had abolished any common-law notions of sovereign immunity). Again, that holding has no bearing on the issue before the Court. The question of whether a state has waived its immunity in *state* court is separate from, and unrelated to, the question of whether that same state has waived its immunity in *federal* court. *See College Savings Bank*, 527 U.S. at 676 ("[A] State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation.").

Second, Plaintiffs cite to several provisions of the New Mexico Mining Act which they claim "clearly demonstrate" New Mexico's intent to waive its sovereign immunity for actions brought under the Act. However, the provisions they cite deal exclusively with state court judicial review under the Act. *See* N.M. STAT. ANN. §§ 69-36-14(A)(1)(3), (B) and (C). In fact, the provision authorizing citizen suits explicitly states: "[S]uits against the department of environment, the energy, minerals and natural resources department or the commission shall be brought in the district court of Santa Fe county." *Id.* § 69-36-14(C). Another provision allows aggrieved persons to appeal a decision or rule of the Commission to the state court of appeals. *Id.* §§ 69-36-16(A) & (B). The final provision generally preserves the rights of persons to seek relief pursuant to any other applicable statute or law. *Id.* § 69-36-20 ("Nothing in the New Mexico Mining Act shall limit any right that any person or class of persons may have pursuant to any statute or common law to seek enforcement of the New Mexico Mining Act and the regulations adopted pursuant to that act, or to seek any other relief."). None of these provisions constitute a clear and unequivocal waiver of New Mexico's sovereign immunity to suit in federal court.

Therefore, the two state agency defendants—the State of New Mexico Mining Commission and the State of New Mexico Energy, Minerals and Natural Resources

Department—are protected from suit by the Eleventh Amendment's doctrine of sovereign immunity. Accordingly, they must be dismissed from this suit.

**II.    Count II—Failure to State a Claim**

Defendants also ask this Court to dismiss Count II of Plaintiffs' Complaint for failure to state a claim. In Count II, Plaintiffs assert that Defendants violated their constitutional rights in four ways: (1) by violating their procedural due process rights; (2) by violating their substantive due process rights; (3) by denying them equal protection of the laws; and (4) by taking their property without due process of law. Complaint ¶ 61. The procedural and substantive due process claims, as well as the takings claim, all depend on whether the Plaintiffs have a protected property right in their mining claims. Therefore, the Court will analyze this question first, before addressing whether Plaintiffs have sufficiently asserted an equal protection claim.

A.    <u>No Protected Property Interest</u>

A plaintiff cannot allege a violation of either procedural or substantive due process unless he first shows that he had a protected property right. *Potts v. Davis County*, 551 F.3d 1188, 1192 (10th Cir. 2009). Likewise, the Fifth Amendment's takings clause only prevents the government from depriving persons of *vested* property rights without just compensation. *Landgraf v. Usi Film Prods.*, 511 U.S. 244, 266 (1994); *E. Spire Communications, Inc. v. New Mexico Public Regulation Comm'n*, 392 F.3d 1204, 1210-11 (10th Cir. 2004). Here, Plaintiffs have no existing, protected property rights in their located mining claims.

According to Plaintiffs' Complaint, Plaintiffs have no protected property rights in their mining claims until they actually discover valuable mineral and comply with all the applicable state and federal laws. In fact, Plaintiffs spend much of their Complaint torpedoing their own claims by citing to cases supporting this proposition. "Location . . . confers no right in the

absence of discovery, both being essential to a valid claim." *Cole*, 252 U.S. at 296. "[A] valid mining location cannot be made without a discovery of valuable minerals within the claim. . . . 'Discovery' in this context means the actual physical disclosure of a valuable mineral deposit." *United States v. Zweifel*, 508 F.2d 1150, 1154 (10th Cir. 1975). Here, Plaintiffs have properly located their claim, but have not actually discovered any valuable material. Furthermore, they have not complied with New Mexico requirements necessary to obtain an exploratory permit. "Until one has completed all of the acts required by state and federal law, no rights in the mining claim vest in the locator." Complaint ¶ 42 (citing to multiple U.S. Supreme Court and 10th Circuit cases). As Defendants point out, "Plaintiffs' merely speculative desire to discover a valuable mineral deposit and thereby obtain mining rights does not constitute a constitutionally protected property right." Motion at 7. Because Plaintiffs' Complaint does not allege an existing, protected property right in their mining claims, Plaintiffs cannot sustain their due process or takings claims.

Furthermore, even if Plaintiffs had properly alleged a protected property right in the claims, their due process and takings claims would still fail on the pleadings. First, because Plaintiffs acknowledge that they received ample notice regarding the permitting requirement, requested and received an informal conference with the Department Director, and are presently engaged in an administrative hearing regarding these same claims, Plaintiffs can allege no set of facts which would rise to the level of a procedural due process violation. Procedural due process only guarantees that Plaintiffs will receive an adequate level of process. The permitting process and administrative review more than satisfy this constitutional minimum. Second, Plaintiffs fail to allege a substantive due process violation. In this context, a violation of Plaintiffs' substantive due process rights can only occur if the government action "would shock the conscience of

federal judges." *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504, 528 (10th Cir. 1998). Nothing in Plaintiffs' Complaint "demonstrate[s] a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id.* Finally, Plaintiffs cannot sustain their Fifth Amendment takings claim because they have not sought compensation for the alleged taking from New Mexico. "[A] federal constitutional claim is not ripe until compensation is denied under state procedures, if adequate state procedures exist." *SK Finance SA v. La Plata County, Bd. of County Comm'rs*, 126 F.3d 1272, 1276 (10th Cir. 1997). Plaintiffs do not allege that they have sought compensation through the state, nor have they alleged that New Mexico's procedures for doing so are constitutionally inadequate. Therefore, even if Plaintiffs had successfully alleged an existing, protected property right in their mining claims, their due process and takings claim would still fail.

B.   No Equal Protection Claim

Finally, Plaintiffs have failed to state an Equal Protection claim. After reciting the facts, Plaintiffs allege in a cursory fashion that New Mexico's actions "have violated Plaintiffs' equal protection rights." Complaint ¶ 61. This skeletal assertion is insufficient for two reasons. First, because Plaintiffs have not alleged that they are members of a protected class, rational basis review would presumably apply to their claim. *Brown v. Zavaras*, 63 F.3d 967, 971 (10th Cir. 1995). Therefore, Plaintiffs must allege facts from which this Court could conclude that New Mexico acted irrationally in requiring a permit for deep, exploratory drilling. *Teigen v. Renfrow*, 511 F.3d 1072, 1083 (10th Cir. 2007) ("To survive a motion to dismiss for failure to state a claim, a plaintiff must allege facts sufficient to overcome the presumption of rationality."). "An equal protection claim will fail 'if there is any reasonably conceivable state of facts that could provide a rational basis for the classification.'" *Id.* Here, Plaintiffs have not given this Court a

single reason to believe that New Mexico's permit requirement lacks any reasonable basis.  On the contrary, the Court can think of several reasons why New Mexico would think it advisable to require a permit before allowing Plaintiffs to drill multiple 1200-foot holes.

Second, because Plaintiffs do not claim membership in any particular group, they are effectively asserting a "class of one" theory.  In order to survive on a "class of one" theory, Plaintiffs must show that New Mexico intentionally treated them differently from other similarly situated persons without any rational basis for doing so.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  In their Response, Plaintiffs claim they are similarly situated to anyone else who seeks a general permit.  As Defendants aptly point out, however, this is insufficient: "Plaintiffs would have to identify other parties who sought to drill similarly deep holes but were only required to obtain a general permit."  Reply, at 10.  *See KTG Corp. v. AG of Oklahoma*, 535 F.3d 1114, 1136 (10th Cir. 2008) (requiring specific identification of similarly situated parties).  Plaintiffs have not done so.  Therefore, Plaintiffs have not properly alleged any violation of their equal protection rights.

## CONCLUSION

In conclusion, the State of New Mexico Mining Commission and the State of New Mexico Energy, Minerals and Natural Resources Department are immune from suit under the Eleventh Amendment and must be dismissed as Defendants in this case.  Furthermore, Plaintiffs have failed to state a claim under Count II for a procedural due process violation, a substantive due process violation, a violation of the takings clause or a violation of their equal protection rights.  Accordingly, Defendants' Motion for Judgment on the Pleadings is GRANTED.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE