**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

REE-CO URANIUM L.P. and OLIVER
REESE,

    Plaintiffs,

v.                                                                             No. 9-CV-881 WJ/ACT

STATE OF NEW MEXICO MINING
COMMISSION, STATE OF NEW MEXICO
ENERGY MINERALS AND NATURAL
RESOURCES DEPARTMENT, BILL
BRANCARD, HOLLAND SHEPHERD and
JAMES HOLLEN,

    Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS'
MOTION TO DISMISS BASED ON THE PRINCIPLES OF *YOUNGER* ABSTENTION**

THIS MATTER comes before the Court on Defendants' Motion to Dismiss Based on the Principles of *Younger* Abstention (Doc. 21). Defendants ask this Court to dismiss this case because the central issue is currently being litigated by the parties in a New Mexico state administrative proceeding and because the issue presented involves important state interests. Because the state administrative proceeding is not currently ongoing, the Court DENIES the Defendants' Motion to Dismiss.

**BACKGROUND**

Plaintiffs seek declaratory and injunctive relief as well as damages for civil rights violations arising from Defendants' decision to require Plaintiffs to obtain a permit before drilling 1200-foot exploratory mining holes. Plaintiffs appealed that decision at the

1

administrative level to the New Mexico Mining Commission. Meanwhile, they filed this suit in federal court. The crux of Plaintiffs' complaint—both here and in the administrative appeal—is their claim that New Mexico's permitting requirement is preempted by federal mining law.

A brief overview of the background to this litigation is helpful in understanding Plaintiffs' claims. Plaintiff Ree-Co Uranium L.P. ("Ree-Co") staked 190 mining claims for federal reserved materials on private and federal lands in McKinley County, New Mexico. In March 2008, Ree-Co filed a Notice of Location for each of its 190 claims with the Bureau of Land Management ("BLM"). *See Cole et al. v. Ralph*, 252 U.S. 286 (1920) ("Location is the act or series of acts whereby the boundaries of the claim are marked."). Ree-Co then began exploratory drilling on its noticed mining claims in order to perfect its right to the minerals under federal law. Federal mining law requires that a claimant actually discover a valuable mineral deposit before it can claim title to the deposit. *See Union Oil Company California v. Smith*, 249 U.S. 337 (1919) ("It is clear that in order to create valid rights . . . as against the United States a discovery of mineral is essential.").

In August 2008, New Mexico's Energy, Minerals and Natural Resources Department ("Department") issued Ree-Co a Notice of Unpermitted Exploration Drilling Activity stating that Ree-Co was required to obtain a permit from New Mexico before conducting mining exploration activities in the state. In February 2009, as a follow-up, the Department issued Ree-Co a Notice of Violation for its unlawful drilling. The Notice of Violation advised Ree-Co that New Mexico no longer requires "discovery work"—such as sinking a shaft, digging a tunnel or drilling a hole—in order to locate a mining claim. It further advised Ree-Co that "exploration drilling in New Mexico requires an approved permit from [the Department] pursuant to Section 19.10.4.401A of the New Mexico Mining Act Rules."

In May 2009, Ree-Co submitted to the Department an application for a General Permit to conduct discovery activities on the located mining claims. As part of the permitting process, Ree-Co had to submit a Notice of Intent to conduct drilling activities to the BLM, which it duly submitted. In July 2009, BLM informed Ree-Co that its Notice of Intent was complete. In August 2009, the Department issued a General Permit to Ree-Co. That General Permit, however, specified certain conditions and limitations on Ree-Co's drilling activity. It allowed Ree-Co to conduct shallow drilling activity (i.e. holes no greater than 2-inches in diameter and no deeper than 50 feet), but declined to authorize the twenty 1200-foot-deep holes that Ree-Co proposed to drill. Such deep drilling, the Permit stated, "will require either a minimal impact exploration permit or a regular exploration permit, pursuant to 19.10.3.302 NMAC and 19.10.4.402 NMAC, respectively."

Rather than applying for an exploration permit, Ree-Co took advantage of its options for review at both the state and federal level. At the state level, Ree-Co filed a written petition to the New Mexico Mining Commission ("Commission") for review. In its petition, Ree-Co made two arguments. First, it argued that the conditions attached to the General Permit violated various New Mexico regulations. Alternatively, Ree-Co argued that federal mining law preempts the New Mexico regulations. As part of the Commission's administrative review, Ree-Co received a five-day hearing which included the testimony and cross-examination of multiple witnesses. Hearings before the Commission are governed by the Rules of Civil Procedure for the New Mexico District Courts and may include subpoenas, production of documents and personal testimony. The parties also submitted legal briefs, proposed findings of fact and conclusions of law, and written closing arguments. On March 15, 2010, the Commission issued its final decision in which it rejected both of Ree-Co's arguments. *See* Notice of Filing of Mining

3

Commission Decision (Doc. 43).

Meanwhile, Ree-Co filed this suit in federal court, arguing that New Mexico's permitting regulations are preempted by federal mining law.  Essentially, Plaintiffs argue that New Mexico's regulations hinder Plaintiffs' ability to develop its mining claims under federal law.  Defendants filed the instant Motion to Dismiss, arguing that this Court should dismiss the case based on the principles of *Younger* abstention because the central issue is already being litigated in a state administrative proceeding.

## ANALYSIS

In *Younger v. Harris,* 401 U.S. 37 (1971)*,* and its progeny, the Supreme Court held that federal courts should not interfere with pending state judicial proceedings absent extraordinary circumstances.  *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982).  That policy applies to civil cases as well as criminal cases.  *Id.* at 432.  "*Younger* abstention dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state court proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."  *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).  A federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal complaint; and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.  *Amanatullah v. Colorado Bd. of Medical Examiners*, et al., 187 F.3d 1160, 1163 (10th Cir. 1999).  The doctrine of *Younger* abstention is a mandatory one—the case *must* be dismissed once all three conditions are met.  *Id.*

Here, Defendant's Motion fails on the first condition. In order for *Younger* abstention to apply, there must be an ongoing state proceeding. Defendants argue that Plaintiffs' administrative appeal to the New Mexico Mining Commission qualifies as such as proceeding. While this Court agrees that Plaintiffs' appeal qualifies a state administrative proceeding, that proceeding is no longer ongoing. At the time that Defendants filed this Motion, the Commission had not yet issued their decision in the administrative appeal. However, on March 15, 2010, the Commission reached their final decision denying Plaintiffs' claims.[1] To the Court's knowledge, no administrative appeal is possible from the Commission's decision. Therefore, for all practical purposes, there is no state administrative proceeding which is "ongoing." *See, e.g.*, *Walnut Properties, Inc. v. City of Whittier*, 861 F.2d 1102, 1106-7 (9th Cir. 1988) (holding that state proceedings were not ongoing when state court case had been stayed); *Tran v. Concannon*, 2000 WL 761975 (D. Me. 2000) (holding that administrative proceedings were not ongoing when claimant withdrew her request for administrative review).

Accordingly, the Court need not address the rest of the arguments contained in Defendant's motion. Because there is no ongoing state administrative proceeding, abstention is inappropriate. Therefore, the Court DENIES Defendant's Motion to Dismiss Based on the Principles of *Younger* Abstention.

**SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

---

[1] The Commission will meet on May 3, 2010 to approve the written order.